No. 19,933.

CECELIA H. ZIKA *v.* FRANK ECKEL, EXECUTOR OF THE ESTATE OF ANNA BELLE MORRIS, DECEASED.
(372 P. [2d] 165)

Decided June 18, 1962.

Messrs. WILLIAMS, STEVENS & TAUSSIG, Mr. WILLIAM A. TRINE, Mr. CHARLES E. WILLIAMS, for plaintiff in error.

Messrs. RYAN, SAYRE, MARTIN, BROTZMAN and HANSEN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

OUGHT the trial court on its own motion to have required that notice of a trial setting be served on the party personally where it is generally known by both the bench and the bar of the county that the whereabouts of the party's attorney is frequently, and for extended periods of time, unknown, and that absences from his work are many times the result of his excessive drinking? We believe that the exercise of a wise and sound discretion by the trial court would have impelled it to require such service of notice.

An action had been instituted to set aside a deed on the ground that the grantor had been unduly influenced, overreached and defrauded by the grantee. The attorney in question (not of present counsel) filed an answer on behalf of Miss Zika, putting in issue the charges of the complaint, and alleging at the same time affirmative defenses.

The case was set for trial in the absence of Miss Zika and her counsel, and it appears that a notice of the setting was sent to the office of the attorney. On the day fixed for trial, neither Miss Zika nor her attorney appeared. Evidence to sustain the complaint was submitted to the trial court. Later, findings of fact and conclusions of law were made by the court, eventuating in a favorable judgment for the estate.

Miss Zika twice sought to have the judgment set aside and vacated, asserting that she knew nothing about the trial setting, and that the first information she had about the setting and trial was obtained at the time she learned that a judgment had been entered against her. She also alleged the long absence of her attorney during all the time these events took place. She contended that the circumstances constituted excusable neglect. Her efforts to have the judgment vacated were unsuccessful, and she brings the case here on writ of error.

Rule 5 (b) (1), R.C.P. Colo., provides that "whenever under these rules service is required or permitted to be made upon a party represented by an attor-

ney the service shall be made upon the attorney *unless service upon the party himself is ordered by the court."* (Emphasis supplied.)

The rule is applicable to the situation which confronted the trial court. It should have ordered service upon Miss Zika. "The court may order service upon a party himself, even though he is represented by an attorney, in cases where the court deems such service necessary." 1 Moore's Fed. Practice (1938) 575. See *Thompson v. McCormick,* 138 Colo. 434, 335 P. (2d) 265.

The judgment is reversed and the cause remanded with directions to vacate the judgment and to proceed to trial upon the issues as now made or as newly joined.

MR. CHIEF JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.