509 P.2d 320 (1973)
Evelyn WEEKS, Plaintiff-Appellee,
v.
Manuel SIGALA, Defendant-Appellant.
No. 72-070.
Colorado Court of Appeals, Div. II.
March 6, 1973.
Rehearing Denied March 27, 1973.
Certiorari Denied May 14, 1973.
*321 William E. Kenworthy, Denver, for plaintiff-appellee.
Agee & Fann, Peter A. Goldstein, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Evelyn Weeks, in a complaint filed January 5, 1970, alleged that she had sustained injuries as a result of an assault and battery committed upon her by Manuel Sigala. Plaintiff sought damages totalling $380,000 and requested body execution. Although defendant was properly served with a summons and complaint he failed to answer within the time stipulated. The court sent by certified mail two notices to defendant of its intention to proceed on a day certain with the entry of a default judgment, but no response was forthcoming from defendant. After a hearing at which evidence was taken, the court entered judgment in favor of plaintiff in the amount of $15,350 general and special damages and $5,000 punitive damages.
Seeking to vacate the judgment under provisions of C.R.C.P. 60(b), defendant filed his affidavit and an affidavit of Lawrence J. Gross, his attorney. Defendant affirmed that upon being served with process, he retained Lawrence J. Gross to represent him and heard nothing further concerning the case until August 11, 1970, when he was advised that judgment had been entered against him. In his affidavit, Lawrence J. Gross affirmed that he had arranged with plaintiff's attorney for an extension of time for defendant to answer the summons and complaint; that on March 12, 1970, he had prepared an answer with a demand for a trial by jury, a letter to the clerk and a check for defendant's docket and jury fee; and that he then had prepared these items for mailing. Gross affirmed that he believed the defendant had a defense to plaintiff's claim. After two hearings on the motion to vacate judgment, the court found in its order of October 19, 1970, that there was no satisfactory proof of mistake, inadvertence, surprise, or excusable neglect on the part of Sigala sufficient to vacate the judgment under C.R.C.P. 60(b).
Defendant moved that the court reconsider its refusal to vacate judgment. This motion was subsequently denied on February 22, 1971. Gross, still representing defendant, filed a notice of appeal with the trial court on March 24, 1971. On September 3, 1971, the court of appeals dismissed the appeal for failure of Sigala to prosecute.
On November 4, 1971, defendant filed an affidavit with the trial court reciting that he had discharged Gross as his attorney and stating that his present attorneys had been retained as his counsel. Along with the filing of this affidavit, defendant filed an answer and another motion to set aside the default judgment. As grounds for this motion, defendant alleged "gross negligence and inexcusable conduct of Lawrence J. Gross." On January 25, 1972, the trial court denied defendant's motion. Defendant has again appealed to this court.
The current motion to set aside the default judgment is based on the following language in C.R.C.P. 60(b):
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings for the following reasons:
(1) Mistake, inadvertence, surprise or excusable neglect; . . . or
(5) any other reason justifying relief from the operation of the judgment.. . ."
In establishing a right to relief under this rule, the moving party must show that the neglect which brought about the default *322 was excusable and that there existed a meritorious defense to the action. The determination of these issues rests in the sound discretion of the trial court on the particular facts of the case; therefore, its determination will not be disturbed on review unless it clearly appears that there has been abuse of that discretion. Riss v. Air Rental, Inc., 136 Colo. 216, 315 P.2d 820; Moskowitz v. Michaels Artists & Engineering Supplies, Inc., 29 Colo.App. 44, 477 P.2d 465.
Defendant does not allege that the trial court abused its discretion on these issues, but instead asserts that the trial court erred in failing to recognize that a litigant cannot be held responsible for his attorney's failure to handle the case properly. In support of his position, defendant cites our recent case of Temple v. Miller, 30 Colo.App. 49, 488 P.2d 252. It is defendant's contention that he has a right to file a new motion and to have the default judgment set aside solely on the basis that his previous attorney was derelict.
In Temple, following the earlier case of Coerber v. Rath, 164 Colo. 294, 435 P.2d 228, we held that gross negligence on the part of counsel, under certain circumstances, should be considered excusable neglect on the part of a client sufficient to permit the client to set aside a default judgment. It is not necessary, however, for us to determine whether the Temple case is applicable here, because the record in the present case discloses that the defendant himself was guilty of negligence separate and apart from that of his counsel.
Evidence taken by the trial court disclosed that the defendant had refused to claim two certified letters containing the notice of the court. When asked by the court concerning this refusal, Sigala explained that he had been receiving crank letters by certified mail and that he had merely refused to open or claim any certified mail sent to him. We agree with the conclusion of the trial court that the reason offered is not a sufficient excuse for defendant's negligence in failing to claim or open the letters which would have advised him of the imminency of a default judgment.
While it may be true that defendant's previous counsel was grossly negligent, had the defendant himself not been negligent, a default judgment could have been avoided. Were we to determine that Sigala's neglect was excusable, we would encourage all defendants not to open certified mail addressed to them in order that they might delay impending litigation. A litigant, as well as his attorney, has responsibilities which he cannot ignore without suffering the penalty of having his own conduct defeat some of his substantive rights.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.