WAGNER EQUIPMENT CO.,
Plaintiff-Appellee,

v.

MOUNTAIN STATES MINERAL
ENTERPRISES, INC.,
Defendant-Appellant.

No. 82CA0808.

Colorado Court of Appeals,
Div. II.

July 14, 1983.

Daniel, McCain & Brown, Edward A. Brown, Brighton, for plaintiff-appellee.

Bader & Cox, Lawrence R. Reno, Denver, Watkiss & Campbell, Robert D. Maack, Salt Lake City, Utah, for defendant-appellant.

BERMAN, Judge.

Mountain States Mineral Enterprises, Inc., appeals a default judgment entered against it in the amount of $112,465.79. We affirm.

On August 31, 1981, Wagner Equipment Company sued Mountain States for payments due on bills for heavy construction machinery parts. Service was made the same day on Mountain States' registered agent in Colorado. The registered agent forwarded the summons and complaint to Mountain States' Secretary and General Counsel, John Frohling, who resided in New Jersey. The record reveals that these papers were received on September 10.

On October 1, Wagner moved for and was granted a default judgment against Mountain States. On October 12, Mountain States obtained local counsel, and on Octo-

ber 15, it moved to set aside the default judgment.

As grounds to set aside the default, Mountain States alleged that the failure to file a timely answer constituted excusable neglect, that it had meritorious defenses to the complaint, and that equity required that the judgment be set aside because the plaintiff would not be prejudiced by requiring it to prove its case on the merits. After a hearing wherein the trial court considered all of Mountain States' allegations, it denied the motion.

Mountain States then moved for a new trial or hearing, alleging the same grounds and, in addition, alleging that the trial court had failed to make a proper finding of venue as required by C.R.C.P. 55(b)(2). This motion was also denied.

### I.

■ Mountain States first contends on appeal that the default judgment must be reopened because of the trial court's failure to make a finding of proper venue prior to the entry of default judgment. This was not reversible error.

C.R.C.P. 55(b)(2) provides, in pertinent part, as follows:

"[B]efore [default] judgment is entered, the court shall be satisfied that the venue of the action is proper under Rule 98."

The requirement that the court "be satisfied" that venue is proper is not tantamount to a requirement that an express, written finding be made. Although it might be preferable to include such a finding in the order granting the default, it is not required by the rule. Moreover, here, all parties concede that venue was proper; thus, no harm has resulted to Mountain States.

### II.

Mountain States also contends that the trial court abused its discretion in refusing to set aside the default on grounds of excusable neglect, the existence of meritorious defenses, and other general equitable considerations. We disagree.

Our Supreme Court's recent decision of *Craig v. Rider*, 651 P.2d 397 (Colo.1982) summarizes the current state of the law regarding the setting aside of default judgments in Colorado:

"Our cases have developed the criteria by which th[is] discretionary decision is to be made. These include whether the neglect that resulted in entry of judgment by default was excusable ... whether the moving party has alleged a meritorious defense ... and whether relief from the challenged order would be consistent with equitable considerations such as protection of action taken in reliance on the order and prevention of prejudice by reason of evidence lost or impaired by the passage of time .... The party seeking relief has the burden of establishing the grounds 'by clear, strong and satisfactory proof.'

. . . .

*Failure to satisfy even one of these criteria may result in denial of the movant's request to set aside a default for good cause."* (emphasis supplied).

Here, the trial court properly found that the defendant's conduct did not constitute excusable neglect, and also found that it had not presented facts necessary to establish the existence of meritorious defenses. Because we perceive the trial court's findings regarding excusable neglect to be sufficient, in themselves, to justify a refusal to set aside the default judgment, *see Craig v. Rider, supra,* we discuss only that issue here.

■ Although negligence on the part of counsel may, in an appropriate case, be deemed "excusable neglect," *Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974), negligence on the part of one of the parties or its employees cannot be so excused. *Weeks v. Sigala,* 32 Colo.App. 121, 509 P.2d 320 (1973). *See also Stroh v. American Recreation & Mobile Home Corp.,* 35 Colo. App. 196, 530 P.2d 989 (1975).

■ Here, the delay in filing an answer was a result of negligence by Frohling, who

served the corporation in a dual capacity, both as corporate counsel and as one of its officers. We hold that Frohling's role as a corporate officer prevents a finding of excusable neglect, even though, if he had served only in the capacity of independent counsel, such a finding might have been proper. Thus, the trial court did not abuse its discretion by refusing to set aside the default judgment.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.