**Jacqueline M. BUCKMILLER,
Plaintiff-Appellant,**

v.

**SAFEWAY STORES, INC.,
Defendant-Appellee.**

**No. 83CA1088.**

Colorado Court of Appeals,
Div. III.

May 10, 1984.

Rehearing Denied June 7, 1984.

Certiorari Granted Nov. 13, 1984.

Jeffrey R. Wheeler, Colorado Springs, for plaintiff-appellant.

Anstine & Hill, Ronald C. Hill, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Jacqueline M. Buckmiller, appeals from the order of the trial court denying her C.R.C.P. 60(b) motion for relief from the dismissal of her action without prejudice. We affirm.

On August 27, 1975, plaintiff slipped and fell in a Safeway Store. In July 1976, through her attorney, she filed an action for injuries sustained. A pretrial conference was held in December 1976, and trial was scheduled for September 27, 1977. On September 16, 1977, the trial date was vacated at plaintiff's request.

On October 20, 1981, pursuant to a local rule, the parties were notified that the case would be dismissed for failure to prosecute unless within thirty days plaintiff showed cause why it should not be. Plaintiff, through her attorney, contended that her physical condition hampered progress with the action. The trial court accepted that explanation and reinstated the action.

Plaintiff's attorney did not seek to set the case for trial, and, on November 26, 1982, the trial court again notified the parties of the imminent dismissal of the case without prejudice unless within the thirty days plaintiff showed good cause for it to be continued. Plaintiff failed to respond.

On December 28, 1982, the case was dismissed without prejudice. On that same day, plaintiff's husband personally delivered to the trial court, on plaintiff's behalf, a medical report in the form of a letter from her physician advising of a recent surgery and stating that a definitive prognosis could not be made for approximately three months.

On January 13, 1983, plaintiff, through her attorney, filed a motion not to dismiss. The motion was denied.

Plaintiff did not learn of the dismissal of her action until May 1983. At that time, she retained new counsel and filed a C.R.

C.P. 60(b) motion for relief from the order of dismissal. Plaintiff sought reinstatement of her action because the applicable statute of limitations had run.

On August 15, 1983, a hearing was conducted on plaintiff's motion. Pursuant to stipulation, her new attorney made an extensive offer of proof. In that offer of proof, it was stated that the medical report was not delivered to the trial court until December 1982, because plaintiff's attorney had imposed that responsibility upon plaintiff and her husband. The trial court accepted the uncontroverted offer as a matter of record, weighed the conflicting interests of plaintiff and defendant, and declined to reinstate the case. Plaintiff appeals.

I

Defendant contends that relief from a dismissal without prejudice for failure to prosecute is not reviewable by application for relief under C.R.C.P. 60(b). We disagree.

Generally, in the absence of special circumstances, an order dismissing a complaint without prejudice is not a final judgment. *Carter v. Small Business Administration*, 40 Colo.App. 271, 573 P.2d 564 (1977). However, in determining whether a particular order constitutes a final judgment for review purposes, attention should be given to the legal effect of the order rather than the form. *Levine v. Empire Savings & Loan Ass'n*, 192 Colo. 188, 557 P.2d 386 (1976).

Here, plaintiff is effectively precluded from pursuing her claim because the applicable statute of limitations has run. Thus, the trial court's order of dismissal, even though without prejudice, is in substance a final judgment, and may be reviewed either by timely direct appeal or by a C.R.C.P. 60(b) motion for relief. *Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir.1972). *See Carter v. Small Business Administration, supra. See also Johnson v. Johnson*, 132 Colo. 236, 287 P.2d 49 (1955).

Where, as here, relief is pursued by way of a C.R.C.P. 60(b) motion, the trial court's ruling is appealable. *Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978). However, absent a clear abuse of discretion, its ruling on the motion will not be disturbed. *Columbine Valley Construction Co. v. Board of Directors*, 626 P.2d 686 (Colo.1981).

## II

Because of our disposition of defendant's contention, we address plaintiff's issues presented for review. The trial court dismissed plaintiff's action under its local rule, which is patterned after C.R.C.P. 41. The decision to dismiss for failure to prosecute lies within the sound discretion of the trial court. *BA Leasing Corp. v. Board of Assessment Appeals*, 653 P.2d 80 (Colo.App.1982). Therefore, the decision of the trial court will not be disturbed unless it is clearly erroneous.

The burden is on the plaintiff to prosecute the case in usual course and without unusual delay. *BA Leasing Corp. v. Board of Assessment Appeals, supra.* Where there has been an unusual delay in prosecuting the case, prejudice to the defendant will be presumed. *Yampa Valley Coal Co. v. Velotta*, 83 Colo. 235, 263 P. 717 (1928). And, in the absence of mitigating circumstances, an unusual delay in prosecuting the case warrants dismissal. Thus, here, unless some excuse for the delay is demonstrated, the dismissal was proper.

In her motion for relief, plaintiff, citing *Temple v. Miller*, 30 Colo.App. 49, 488 P.2d 252 (1971), claims excusable neglect based on the gross negligence of her attorney in handling the case. However, if the client herself is guilty of negligence, gross negligence on the part of her attorney does not constitute excusable neglect under C.R.C.P. 60(b). *Weeks v. Sigala*, 32 Colo.App. 121, 509 P.2d 320 (1973).

Here, in considering plaintiff's motion for relief, the trial court had before it stipulated facts regarding the circumstances of the dismissal. The trial court could fairly infer that plaintiff was negligent in failing to prosecute her case. Therefore, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for reinstatement of her case.

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.