Edward S. JOHNSON, as Special Administrator of the Estate of Roy E. Dickson; Cal Farley's Boys Ranch, a Texas Nonprofit corporation; and Mabel E. Reeves, Plaintiffs-Appellees,

v.

CAPITOL FUNDING, LTD.,
Defendant-Appellant.

No. 84CA1244.

Colorado Court of Appeals,
Div. I.

Aug. 28, 1986.

Isaac, Johnson and Alpern, Mark L. Finlayson, Colorado Springs, for plaintiffs-appellees Edward S. Johnson and Mabel E. Reeves.

Holland & Hart, Gregory R. Piché, Denver, for plaintiff-appellee Cal Farley's Boys Ranch.

Robert E. Allen, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Capitol Funding, Ltd., appeals from the trial court's denial of its motion to set aside a default judgment entered against it. We affirm.

In March 1983, the plaintiffs, Edward S. Johnson, as special administrator of the estate of Roy E. Dickson (decedent), Cal Farley's Boys Ranch, and Mabel E. Reeves, filed a complaint in which generally they sought to invalidate numerous transfers of property made by decedent to various co-defendants in the last years of decedent's life. As to defendant, plaintiffs sought to invalidate a promissory note and mortgage between defendant and a co-defendant involving certain real property decedent had conveyed to the co-defendant, and to quiet any interest of defendant in the subject property.

Defendant, a foreign "business trust" chartered in the Turks and Caicos Islands in the Caribbean sea, was served by mail and by publication in March 1983. Defendant did not plead or otherwise defend within the time required and, in November 1983, the trial court entered a default judgment against defendant, granting plaintiffs the relief requested.

Defendant subsequently retained a Colorado attorney and, in May 1984, moved to set aside the default judgment, claiming that its failure to answer was the result of excusable neglect. In its motion, defend-

ant alleged that it had earlier retained another attorney who was admitted to practice in several other states, but not in Colorado, and that its first attorney had neglected to file an answer. After a hearing, the trial court denied defendant's motion, finding that defendant had knowledge of the lawsuit and should have responded much sooner, and that defendant had not shown neglect sufficient to justify setting aside the default judgment.

On appeal, defendant contends that the trial court had, in light of the circumstances presented, abused its discretion in refusing to set aside the default judgment on the grounds of excusable neglect. Defendant argues that its first attorney's negligence in failing to seek special admission in Colorado under C.R.C.P. 221 and thereafter to file an answer constituted excusable neglect on the part of defendant. We disagree.

▮ The determination of a motion to set aside a default judgment on grounds of excusable neglect rests in the sound discretion of the trial court, and its ruling on the motion will not be disturbed on review unless it abused that discretion. *Craig v. Rider*, 651 P.2d 397 (Colo.1982); *Plaisted v. Colorado Springs School District No. 11*, 702 P.2d 761 (Colo.App.1985). Moreover, the party seeking relief has the burden of establishing the grounds therefor by clear, strong, and satisfactory proof. *Craig v. Rider, supra.* In addition, the rule that negligence on the part of an attorney may constitute excusable neglect on the part of the client has no application if the client itself is also negligent. *Wagner Equipment Co. v. Mountain States Mineral Enterprises, Inc.*, 669 P.2d 625 (Colo.App. 1983); *Weeks v. Sigala*, 32 Colo.App. 121, 509 P.2d 320 (1973).

▮ Here, apart from the single, vague assertion that defendant "retained" some out-of-state attorney at some unspecified point in time and "relied" on him to file an answer, there is nothing in the record indicating that it took any action or made any efforts to defend itself over a period of several months following commencement

of the action. Even if an out-of-state attorney's failure to file an answer could be considered excusable neglect by a party in other circumstances, in this case defendant made no showing that it was free from negligence itself. The trial court rejected defendant's contention that its first attorney was to blame for its default and, under the record before us, we perceive no abuse of discretion in the trial court's ruling that defendant did not establish excusable neglect. *See Haskell v. Gross*, 145 Colo. 365, 358 P.2d 1024 (1961); *Plaisted v. Colorado Springs School District No. 11, supra.*

Defendant's failure to establish excusable neglect is sufficient by itself to sustain the trial court's denial of defendant's motion. *Craig v. Rider, supra; Plaisted v. Colorado Springs School District No. 11, supra.* Hence, we need not address defendant's remaining contentions regarding its allegations of a meritorious defense and lack of prejudice to other parties if the default judgment were set aside.

Order affirmed.

PIERCE and METZGER, JJ., concur.