24CA0547 Hopkins v Coffelt 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0547
Fremont County District Court No. 23CV17
Honorable Lynette M. Wenner, Judge

Ashlea A. Hopkins,

Plaintiff-Appellee,

v.

Joseph M. Coffelt,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

Ashlea A. Hopkins, Pro Se

Gardner Legal Services, LLC, Matthew R. Gardner, Linton Wright, Boulder, Colorado, for Defendant-Appellant

¶ 1    Defendant, Joseph M. Coffelt, appeals the district court's order denying his motion to set aside the default judgment entered in favor of plaintiff, Ashlea A. Hopkins.  We affirm.

## I.    Background

¶ 2    In November 2020, Hopkins purchased a home and Coffelt was the real estate broker overseeing the sale.  Following the property's inspection, the inspector recommended that a licensed HVAC professional service and fully evaluate the heating system before closing.  At the closing, both Coffelt and the seller assured Hopkins that the heating system had been inspected by a licensed HVAC professional and that the heating system had been fixed and was running properly.

¶ 3    Three months later, Hopkins awoke in the night to the smell of gas.  She and her son left the house and stayed with family the following night.  An HVAC professional then informed her that the heater had not been inspected or repaired as represented, and that a professional would not have legally signed off on it in its current condition.

¶ 4    On April 2, 2022, Hopkins sent a demand letter to Coffelt via email explaining what had happened and asking what he could do

to remedy the situation. Coffelt responded that it was not his responsibility. On April 4, Hopkins' paralegal emailed Coffelt again about the situation and was met with a similar response. On April 5, Hopkins filed a claim with her homeowners insurance company. The claim was later denied because the heater constituted a preexisting condition not covered by her policy, which she obtained after the closing. On December 20, Hopkins sent another email to Coffelt asking if he would like to go to mediation. Coffelt did not respond.

¶ 5     Hopkins filed suit on February 17, 2023, alleging negligence, fraud, unethical conduct, misrepresentation, bodily injury and property damage, failure to disclose a property defect, breach of duty, and misleading the buyer. Hopkins attempted to serve Coffelt on multiple occasions, including on March 26 and March 30. On March 31, a process server, Andrea Meyers, attempted to serve Coffelt, but he refused service. Around this time, Coffelt learned of the lawsuit from his supervisor, who had been served with a delay reduction order.

¶ 6     On June 6, another process server, Holly Papasodora, served Coffelt and attested to service of the complaint in her affidavit.

2

When Coffelt did not file an answer, Hopkins filed a motion for entry of default judgment on June 29.  The district court conducted a damages hearing on August 1.  In a written order dated September 12, the court granted the motion for entry of default judgment and awarded Hopkins $1,000,000 in damages.

¶ 7    After receiving the notice of the default judgment, Coffelt retained counsel and moved for relief from the default judgment under C.R.C.P. 60(b).  In his motion, Coffelt argued that he would have answered the complaint but was never served the summons.  Tracking the three-factor analysis from *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo. 1986), and *Goodman Associates, LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 319 (Colo. 2010), he further argued that he had meritorious defenses and that equitable considerations weighed in his favor.

¶ 8    At the hearing on the motion to set aside the default judgment, Coffelt testified that he called the court phone number on the delay reduction order after it was received by his supervisor.  He said he was told by a court representative that there was nothing for him to do at the time and that he would have to wait until he received the summons.  While conceding that he received the complaint, Coffelt

maintained that he was never served with the summons, despite an affidavit that Papasodora submitted in advance of the hearing attesting to the contrary. After he was served with the complaint, he called the court again because he was unsure of how to proceed. A court representative instructed him to search for his case online, but Coffelt was unable to locate his case due to issues that the court was having with its website at the time. Coffelt's wife testified that she reviewed the documents that Coffelt received on June 6 and that they did not include a summons. Coffelt argued that excusable neglect existed because he never received a summons and because there was no proof of service produced by Hopkins at the hearing. He further argued that after receiving the complaint, he relied on the information provided by the court's self-representation line that he did not need to do anything until he received the summons.

¶ 9 Hopkins testified that she printed out the paperwork herself and that the file she gave to the process servers included the complaint, summons, and cover sheet. She testified that the process servers double-checked the paperwork.

4

¶ 10    Meyers testified that she attempted to serve Coffelt twice. On June 6, she examined the file's contents, confirmed it was more than just the complaint, and gave the file to Papasodora, who was training as a process server. The two drove to Coffelt's house, and Meyers watched Papasodora personally serve Coffelt in his driveway.

¶ 11    Papasodora testified that the file she served on Coffelt contained a cover page, summons, and complaint. She handed Coffelt the file in his driveway. Initially, Papasodora's affidavit stated she had served Coffelt with the complaint. She corrected her affidavit on January 29 to reflect that she had served Coffelt with the cover sheet, complaint, and summons.

¶ 12    The district court denied Coffelt's motion to set aside and found that he failed to establish excusable neglect. The district court found that Coffelt was thoroughly aware that Hopkins was pursuing legal action against him and knew that numerous attempts had been made to serve him. The court was not persuaded by Coffelt's reliance on the self-represented litigant coordinator telling him that he did not need to do anything until served with a summons because that conversation would have

5

taken place before the register of actions contained a return of service.

¶ 13    Similarly, the court was not persuaded by Coffelt's testimony that he contacted the court after his supervisor received a delay reduction order but before he received a phone call from the process server because, again, the register of actions did not show a return of service at that time. The court found that Coffelt's testimony established that as of June 6, when he was subsequently served with the summons, Coffelt knew, not only from the summons but also from the court representative, that he needed to respond.

¶ 14    Additionally, the district court found that the misidentification of items served by Papasodora on the original affidavit of service did not invalidate the proof of service. The court found Papasodora's and Meyer's testimony credible on this point.

¶ 15    Finally, considering and weighing the excusable neglect testimony, meritorious defenses, and equity of the parties, the court found that the equities favored Hopkins.

¶ 16    On appeal, Coffelt contends that the district court reversibly erred by failing to (1) require Hopkins to prove, by clear and convincing evidence, that she properly served Coffelt a summons

under C.R.C.P. 60(b)(3); and (2) properly consider whether relief from the default judgment would be consistent with considerations of equity.  Initially, we note, and Coffelt concedes, that his proof of service argument was made to the district court under C.R.C.P. 60(b)(1), while here he asks us to review that same issue under C.R.C.P. 60(b)(3).  We decline to do so because it was not preserved. *Gf Gaming Corp. v. Taylor*, 205 P.3d 523, 528 (Colo. App. 2009).  Accordingly, we address Coffelt's arguments solely under C.R.C.P. 60(b)(1).

## II.    C.R.C.P. 60(b)(1)

¶ 17    Coffelt contends the court erred by failing to require Hopkins to prove adequate service and by failing to properly weigh and consider the equity of the parties in denying his motion to set aside the default judgment.[1]  We are not persuaded and discern no abuse of discretion in the court's findings.

### A.    Standard of Review and Applicable Law

¶ 18    We review the district court's denial of relief under Rule 60(b) for an abuse of discretion.  *Goodman Assocs., LLC*, 222 P.3d at 314.

---

[1] Coffelt does not appeal the damages award, and we do not address it.

"Abuse of discretion exists where a decision is manifestly arbitrary, unreasonable, or unfair." *Id.* A court also abuses its discretion if its decision is based on a misapplication of the law. *Ferraro v. Frias Drywall, LLC*, 2019 COA 123, ¶ 10.

¶ 19 "To set aside a judgment under C.R.C.P. 60(b), the movant bears the burden of establishing by clear and convincing evidence that the motion should be granted." *Goodman Assocs., LLC*, 222 P.3d at 315. Clear and convincing evidence is evidence that is highly probable and free from serious or substantial doubt. *L.S.S. v. S.A.P.*, 2022 COA 123, ¶ 39. At its core, the decision whether to set aside a default judgment is an equitable decision designed to balance the finality of judgments and the need to provide relief in the interests of justice in exceptional circumstances. *Goodman Assocs., LLC*, 222 P.3d at 319.

¶ 20 Courts consider three factors when determining whether to relieve a party from default judgment under C.R.C.P. 60(b)(1): "(1) whether the neglect that resulted in the entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether relief from the challenged order would be consistent with considerations of equity."

*McMichael v. Encompass PAHS Rehab. Hosp., LLC*, 2023 CO 2, ¶ 13 (quoting *Buckmiller*, 727 P.2d at 1116).  "[E]ach factor must be weighed and considered together as part of the question whether excusable neglect exists to satisfy C.R.C.P. 60(b)(1)."  *Goodman Assocs., LLC*, 222 P.3d at 320.  A court's consideration of these factors must be guided by the general rule that motions to set aside default judgments "should be liberally construed in favor of the movant, especially where the motion has been promptly made."  *Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982); *see also Goodman Assocs., LLC*, 222 P.3d at 320.  A district court may deny a motion to set aside a default judgment if the moving party fails to establish any one of these factors by clear and convincing evidence.  *McMichael*, ¶ 13; *Goodman Assocs., LLC*, 222 P.3d at 321; *Buckmiller*, 727 P.2d at 1116.

### B.   Analysis

#### 1.   Proof of Service

¶ 21    We begin with Coffelt's contention that the court improperly placed the burden of proving sufficient service of process on him rather than Hopkins.  *See Goodman Assocs., LLC*, 222 P.3d at 315 ("[T]he burden may shift back to the plaintiff if the return of service

insufficiently recites the essential facts to demonstrate adequacy of service.").  He relies on the district court's conclusion that Coffelt failed "to carry his burden of proof."

¶ 22    Coffelt acknowledges in a footnote in the opening brief that this issue is more properly analyzed under C.R.C.P. 60(b)(3) and that he only raised C.R.C.P. 60(b)(1) in his motion to set aside the default judgment.  Because we do not consider issues raised for the first time on appeal, we conclude that this issue is not preserved for our review and we do not consider it further.  *Gf Gaming Corp.*, 205 P.3d at 528 ("Issues not presented to or raised at the trial court will not be considered on appeal."); *see also Garcia v. Puerto Vallarta Sports Bar, LLC*, 2022 COA 17, ¶ 26 (a party may waive a challenge to personal jurisdiction by failing to timely assert it).

¶ 23    Nor can we consider Coffelt's burden-shifting argument under C.R.C.P. 60(b)(1).  The supreme court in *Goodman* noted that the burden of proving adequate service of process can sometimes shift to the plaintiff in the context of explaining the burden of proving personal jurisdiction (or lack thereof) under C.R.C.P. 60(b)(3).  222 P.3d at 315.  Indeed, the sole case cited by the *Goodman* court for its burden-shifting statement, *Denman v. Great W. Ry. Co.*, 811

P.2d 415, 418 (Colo. App. 1990), involved only personal jurisdiction, not a claim of mistake, inadvertence, surprise, or excusable neglect. A division of this court has similarly analyzed *Goodman*'s burden-shifting rationale under C.R.C.P. 60(b)(3). *See Tallman v. Aune,* 2019 COA 12, ¶¶ 21, 24-28. Given this, we decline to analyze Coffelt's burden-shifting argument under C.R.C.P. 60(b)(1).

¶ 24   To the extent Coffelt challenges the sufficiency of the affidavit of service under C.R.C.P. 60(b)(1), he relies on the conflict between the initial affidavit and corrected affidavit and argues that Papasodora's testimony concerning the discrepancies was not credible. In essence, he asserts that because he never received a summons, he was excused from answering the complaint. However, appellate courts may not reweigh the evidence or make credibility findings. *People v. Poe*, 2012 COA 166, ¶ 14. Instead, we must defer to the district court's finding that Papasodora's testimony was credible and, together with the testimony of Meyers, established by clear and convincing evidence that Coffelt had been properly served with the complaint *and* summons. *See Shekarchian v. Maxx Auto Recovery, Inc.*, 2019 COA 60, ¶ 28. Moreover, we construe the court's finding that Coffelt failed "to carry his burden

11

of proof" as a finding under C.R.C.P. 60(b)(1), not C.R.C.P. 60(b)(3). Again, the latter rule was never argued to the court. Accordingly, we discern no basis to reverse.

### 2. Considerations of Equity

¶ 25 We next consider Coffelt's contention that the court failed to properly consider the third *Goodman* factor, equitable considerations. Notably, Coffelt does not challenge the court's finding that he failed to establish excusable neglect, which alone justifies our affirmance of the court's order denying his motion. *See McMichael*, ¶ 13; *Goodman Assocs., LLC*, 222 P.3d at 321; *Buckmiller*, 727 P.2d at 1116. Nevertheless, we address his contention as to the third factor and discern no abuse of discretion in the court's consideration of it.

¶ 26 In determining whether Rule 60(b) relief would be consistent with equitable considerations, a district court should take into account the promptness of the moving party in filing the Rule 60(b) motion, the fact of any detrimental reliance by the opposing party on the order or judgment of dismissal, and any prejudice to the opposing party if the motion were to be granted, including any

impairment of that party's ability to adduce proof at trial in defense of the claim. *Buckmiller*, 727 P.2d at 1116.

¶ 27    We are unpersuaded by Coffelt's reliance on *Buckmiller.* In *Buckmiller,* the court reversed a district court's denial of a C.R.C.P. 60(b)(1) motion because the district court only partially considered the third factor. The court stated:

> Although the trial court did conclude in a general way that the prejudice to [defendant] from granting Buckmiller's motion would outweigh any wrong to Buckmiller from denying her motion, there is no indication that it had considered such factors as the timing of Buckmiller's motion, any possible reliance by [defendant] on the judgment of dismissal, and the manner in which [defendant's] defense of the case might somehow have been damaged by lost evidence, the passage of time, or some other factor. Consideration of these particulars might well have altered the trial court's decision on Buckmiller's motion.

*Buckmiller*, 727 P.2d at 1117.

¶ 28    Here, the district court found that the equities favored Hopkins:

> She has shown that insurance coverage of defendant's actions is unavailable to her, despite her efforts to ferret it out. Because of the damage to the home, which she attributes to defendant's conduct in the real estate transaction, she has no source of heat, must

13

> make extensive and expensive repairs, and is
> financially unable to repair the home to make
> it livable for her and her son. Plaintiff's
> evidence is clear and convincing; defendant's is
> not. Defendant fails to carry his burden of
> proof.

¶ 29 We conclude that the district court properly considered the third factor in its analysis. Earlier in the order, the district court found that Coffelt was thoroughly aware that Hopkins was pursuing legal action against him and also found that Coffelt's testimony about his reliance on the self-represented litigant coordinator's guidance was not credible. Despite this awareness, Coffelt waited until after the judgment entered to take any action; so although the motion to set aside was timely filed, its filing was avoidable before judgment entered. Moreover, the district court's analysis focused on the extent to which Hopkins would be prejudiced if the court granted Coffelt's motion by detailing her inability to obtain insurance coverage and her resulting financial inability to repair the home to make it livable, which would have been exacerbated by further delay in the litigation. Accordingly, we conclude that the district court properly considered the third *Goodman* factor.

14

### III.    Disposition

The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.