## No. 17,044.

### BATTAGLIA ET AL. *v.* MOORE.
(261 P. [2d] 1017)

Decided October 5, 1953.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James D. Parriott, Jr., Assistant, for plaintiffs in error.

Messrs. Hornbein & Hornbein, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

The parties are here in reverse order to that in which they appeared in the trial court, and we will refer to them as they appeared in the district court.

November 19, 1951, the plaintiff filed his complaint in the district court of the City and County of Denver. The complaint alleges, in substance, that the defendants, as members of the Colorado Board of Barber Examiners, refused to issue a license to the plaintiff authorizing him to practice barbering in the State of Colorado for the reason that his experience of seven years in barbering, and as the operator of barber shops, while serving in the United States Navy upon warships, could not be credited to plaintiff as practical experience under the requirement of the applicable statute. Plaintiff further alleged that he possessed "all the necessary qualifications, experience, training and skill required by the applicable statutes to practice the occupation of barbering in the State of Colorado, and has been given an examination by the defendants and was found by them to possess the necessary training, skill and experience to qualify him to practice the trade of barbering in the State of Colorado." The prayer of plaintiff's complaint was for a judgment

in the nature of mandamus directing the defendants to issue a barber's license to plaintiff.

After several hearings resulting in the entry of orders not pertinent to this review, the trial court entered formal findings and judgment which included the following:

"1. The plaintiff has the experience, skill and knowledge required by the provisions of Sec. 8, Ch. 19, 1935 C.S.A. to qualify for a license to practice the trade of barbering in the State of Colorado.

"2. On or about May 15, 1951, the defendants gave plaintiff an examination for the purpose of determining whether the plaintiff has the requisite experience, skill and knowledge to entitle him to a license to practice the trade of barbering.

"3. The evidence shows, and the Court finds, that the plaintiff passed the examination to the satisfaction of the defendants, and that defendants were satisfied that the plaintiff is possessed of the required skill and knowledge to practice the trade of barbering in the State of Colorado.

"4. The Court further finds that defendants denied plaintiff a license because of their mistaken belief that plaintiff's experience as a barber in the United States Navy did not meet the requirements of Sec. 8, Ch. 19, 1935 C.S.A.

"5. The Court concludes as a matter of law that the plaintiff's experience as a barber in the United States Navy meets the statutory requirement of Sec. 8, Ch. 19, 1935 C.S.A. and that the plaintiff is entitled to a license to practice the trade of barbering as a journeyman barber in the State of Colorado, and that it is the duty of defendants under the provisions of said statute to issue to plaintiff such license.

"6. The Findings heretofore made by the Court on August 15, 1952, are modified in such respects as they may be in conflict with the present findings of the Court.

"It is therefore ordered, adjudged and decreed that the

defendants issue to the plaintiff a license authorizing the plaintiff to practice barbering as a journeyman barber in the State of Colorado."

Defendants seek reversal of this judgment by writ of error. Argument of counsel on behalf of defendants is submitted under three headings as follows: (1) The final judgment of the court directing issuance of the license was void for the reason that the court had lost jurisdiction to enter it; (2) the findings and the judgment to which the writ of error is directed are not supported by the evidence; and (3) in order for relief in the nature of mandamus to be ordered the plaintiff must show a clear legal right to the performance of the act sought, and a clear legal duty on the part of defendants to perform that act, all of which plaintiff failed to establish.

Questions to be Determined.

First: *Was the judgment of the trial court directing issuance of the license void for the reason that the court had lost jurisdiction to enter it?*

The question is answered in the negative. The argument presented in support of an affirmative answer is based upon the fact that the court entered two separate orders prior to entry of the judgment to which this writ of error is directed. It is contended that these prior orders were final judgments, and upon the entry thereof the court lost jurisdiction to proceed further in the absence of motion for new trial or other formality within the provisions of the Rules of Civil Procedure. Each of the orders which was entered prior to the judgment here in question, was inconsistent with the judgment finally entered. They contained a specific provision under which the trial court expressly retained jurisdiction for further proceedings. It is clear that no final adjudication of the controversy was contemplated by the court until the entry of the judgment under review. The court, having retained jurisdiction, had full power to reconsider any findings previously made and to reach different conclusions of fact or law as finally adjudged. *Goodwin*

*v. Eller,* 127 Colo. 529, 258 P. (2d) 493. Suffice it to say without further detailed analysis that the argument of counsel for defendants, in this connection, is without substantial merit.

■ Second: *Did the trial court err in holding that the experience of the plaintiff as a barber in the United States Navy was sufficient to meet the requirement of the statute that an applicant shall have "practiced the trade in another state for a period of at least two (2) years * * *"*?

The question is answered in the negative. The applicable statute (chapter 19, section 8, '35 C.S.A.) provides inter alia, that: "The applicant must satisfy the examining board that he * * * has practiced the trade in another state for a period of at least two (2) years and is possessed of requisite skill in said trade * * *." There is no dispute in the evidence concerning the experience which plaintiff had in following the trade of barbering. For approximately seven years he performed all the services customarily performed by barbers. The services were performed upon warships of various kinds, upon the high seas and in harbors throughout the world. The patrons of the plaintiff were the officers and crew, numbering hundreds of men, who manned the vessels upon which he served. He earned a barber's special rating in the Navy and was in charge of the two barber shops operated upon a heavy cruiser for many months. The defendants do not dispute that the experience of plaintiff was in every respect on a par with that which he would have gained if he had stayed at home and worked in a civilian barber shop "in another state." The contention of counsel for defendants is that plaintiff's experience was in the wrong place—that is, not "in a geographical area with a defined civil government."

We are satisfied that the legislature was not concerned with geographical boundaries when it employed the language "has practiced the trade in another state for a period of at least two (2) years." The purpose of the

legislature was to insure that barber licenses were issued only to those who had a minimum of two years' actual practical experience. The record discloses that licenses had been issued by defendants to applicants whose only experience was that acquired in foreign countries. We think that if experience acquired in a foreign land is held by the defendants to be experience "in another state" within the meaning of the statute, then experience under the flag of the United States on board a warship also satisfies the statutory requirement.

Third: *Is there sufficient evidence to sustain the finding of the trial court that the plaintiff had passed the examination which was given him, to the satisfaction of the defendants, and that they were satisfied that plaintiff possessed the required skill and knowledge to practice the trade of barbering?*

The question is answered in the affirmative. The record discloses that the plaintiff took an examination which is required of all applicants for license to enter the barber trade. The plaintiff unquestionably sought to establish his qualifications to enter that trade as a journeyman barber and not as an apprentice barber. The position of the defendants was that he lacked the necessary experience qualifications for the license he sought. They discussed with him informally the advisability of recognizing the kind of experience which he had, and without question plaintiff was led to believe that the board would change the regulation under which they had been operating, which prevented recognition of experience gained in the naval service. At no point in the proceedings prior to the trial of this case was any question raised concerning the skill, knowledge or ability of the plaintiff. Prior to the trial of the case the only thing any of the defendants questioned was whether his experience satisfied the requirement of the statute. He was given a passing grade upon the examination which he took. The defendants, upon the trial, testified that the passing grades given him were with reference to a li-

cense as an apprentice barber only, and that if the grading had been made with a view to issuance of a journeyman's license, the plaintiff would not have passed the practical examination. However, the trial court found that the defendants "denied plaintiff a license because of their mistaken belief that plaintiff's experience as a barber in the United States Navy did not meet the requirements of Sec. 8, Ch. 19, 1935 C.S.A."

Under all the facts and circumstances of this case, not all of the pertinent parts of which can be detailed in this opinion, we think this finding is sufficiently supported by the evidence.

In upholding the findings of the trial court upon the question as to whether defendants, at the time of the examination of plaintiff, were satisfied concerning the skill and knowledge of the plaintiff, and with reference to the asserted experience qualification based upon naval service, we bear in mind the following fundamental principles. Any legislation purporting to restrict one's right to follow any lawful, useful calling, business or profession, will be strictly construed in favor of the existence of the right, and against the limitation.

The right of regulation of any useful occupation arises out of the police power of the state to legislate in the protection of the public health, safety and general welfare. The right to work in useful employment, and to receive the fruits thereof, is a natural and fundamental right under our system of free enterprise. It should be the policy of the law to encourage thrift and industry among its citizens and not to close the door of opportunity to work in any calling unless the regulation imposing the limitation can be said to be reasonably necessary in promotion of the public health, safety or general welfare. *Chenoweth v. State Board,* 57 Colo. 74, 141 Pac. 132; *Wilson v. Denver,* 65 Colo. 484, 178 Pac. 17; *Lipset v. Davis,* 119 Colo. 335, 203 P. (2d) 730.

The judgment is affirmed.