No. 20727.

ALFRED H. ABDOO, d/b/a ABDOO STUDIO *v.* CITY AND COUNTY OF DENVER.
(397 P.2d 222)

Decided December 14, 1964.

128

JAMES J. DELANEY, EUGENE F. COSTELLO, DAVID L. KOFOED, for plaintiff in error.

MAX P. ZALL, City Attorney, THOMAS A. GILLIAM, Assistant, WALLACE McCAMANT, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

IN the municipal court of the City and County of Denver three separate actions were filed involving the same issues of fact. In these actions each of the defendants was charged with the violation of a municipal ordi-

nance (Revised Municipal Code, City & County of Denver, Article 959) under the terms of which "portrait photographers" are regulated, and are required to obtain a license. Each of the defendants was found guilty of failing to obtain a license as required by the municipal ordinance.

On appeal to the Superior Court the three cases were consolidated and tried as a single case. The several defendants waived the taking of evidence and stipulated for the record that they were each engaged in the business of portrait photography in Denver, Colorado, and that they had not obtained individual licenses as required by the ordinance. They moved the court to dismiss the charge as to each defendant on the ground that the ordinance in question is unconstitutional in that it imposes regulations upon those engaged in the innocuous business of portrait photography, and that such regulations are not a legitimate exercise of the police powers of the City and County of Denver.

The Superior Court denied each of the motions to dismiss. After the several defendants had rested, the court entered judgment against each of them. The plaintiff in error, one of those thus convicted, is here on writ of error seeking reversal of the judgment against him.

The sole question for determination in this case is whether the ordinance referred to bears a fair relation to the public health, safety, morals or welfare, and has a definite tendency to promote or protect these fundamental attributes.

■ This court has held an ordinance unconstitutional where it was:

"* * * completely out of harmony with the American constitutional concept of fundamental freedoms and liberties, under which the individual has the right to engage in a lawful business which is harmless in itself and useful to the community, unhampered by unreasonable and arbitrary governmental interference or regulation."

130

■ *Denver v. Thrailkill,* 125 Colo. 488, 244 P.2d 1074. We have also said that:

"* * * whether an act of a legislative body adopted as a police regulation has any reasonable connection with public health, morals, safety or welfare, is a question for the determination of the judiciary. * * *" *Englewood v. Apostolic Church,* 146 Colo. 374, 362 P.2d 172.

■ In *Battaglia v. Moore,* 128 Colo. 326, 261 P.2d 1017, this court, in an opinion concurred in by all the justices, said:

"* * * Any legislation purporting to restrict one's right to follow any lawful, useful calling, business or profession, will be strictly construed in favor of the existence of the right, and against the limitation."

■ The business of photography is a lawful activity "which is harmless in itself and useful to the community." The courts of last resort throughout the nation have uniformly held that photography is an innocuous occupation and that attempts to regulate its practice, by specifying the technical or moral qualifications of those engaging therein, are unwarranted invasions of the constitutional freedoms of the individual. A detailed analysis of the question will be found in 7 A.L.R. 2d 407, 416.

The following decisions have overturned legislative enactments purporting to impose regulations upon photographers, which were comparable to those regulations contained in the ordinance under question in this case: *State v. Ballance,* 229 N.C. 764, 51 S.E.2d 731; *Buehman v. Bechtel,* 57 Ariz. 363, 114 P.2d 227; *Sullivan v. De Cerb,* 156 Fla. 496, 23 So.2d 571; *Bramley v. State,* 187 Ga. 826, 2 S.E.2d 647; *Territory v. Kraft,* 33 Hawaii 397; *State v. Cromwell,* 72 N.D. 565, 9 N.W.2d 914; *Moore v. Sutton,* 185 Va. 481, 39 S.E.2d 348.

■ In *Moore v. Sutton,* supra, we find the following pertinent language:

"If the legislature may for the sole purpose of pre-

venting unfair advertisements, solicitations, bad workmanship and unscrupulous dealings, pass laws to limit a given business to those who are found to be honest and competent, there would be no business which would be immune from such prohibitory legislation."

We hold that on the record before us the ordinance in question has no reasonable relation to public health, morals, safety or general welfare. It is therefore held to be unconstitutional.

The judgment is reversed.