**William BRODER, Plaintiff,**

v.

**CHARLES PFIZER & COMPANY et al.,
Defendants.**

No. 71 Civ. 2876.

United States District Court,
S. D. New York.

Nov. 10, 1971.

William Broder, pro se.

Lum, Biunno & Tompkins, Newark, N. J., Appleton, Rice & Perrin, New York City, for defendants John F. Kelly Associates and John F. Kelly, President.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Charles Pfizer & Co.

GURFEIN, District Judge.

This is a motion by defendants John F. Kelly Associates and John F. Kelly, President ("defendants") to vacate a default and to enlarge the defendants' time to answer or otherwise plead.

The amended complaint was served on August 31, 1971.* No answer was served. The defendants' "Statement in Lieu of Brief" explains that counsel was not retained until about September 20, 1971 and that "[b]ecause of the vague and general allegations made by plaintiff in his amended complaint, it has not been possible to prepare, file and serve the appropriate motions, within time." The Clerk of the Court noted the defendants' default on September 22, 1971.

The plaintiff has moved this Court to enter default judgment against the defendants, but that motion has not yet been decided.

■ Fed.R.Civ.P. Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." The test under Rule 55(c) for setting aside a default is more lenient than the test under Rule 60(b) for setting aside a default judgment. Securities and Exchange Commission v. Vogel, 49 F.R.D. 297, 299 n. 2 (S.D.N.Y.1969). A motion of this kind is addressed to the sound discretion of the Court. Provident Sec. Life Ins. Co. v Gorsuch, 323 F.2d 839 (9 Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964). The defendants here offer as an explanation for the default their lateness in retaining counsel and the difficulty in responding to the amended complaint. By way of defense to the amended complaint the defendants, a detective agency, note only that "at no time have they ever been engaged with

---

* This date is given by the docket sheet. The moving defendants say "on or about September 1, 1971."

defendant Charles Pfizer & Company in any matter relating to plaintiff William Broder." In essence they deny the conspiracy charged against them under the Sherman Act.

 The defendants placed their notice of motion in the mail on October 5, 1971, about two weeks after their time to answer had expired. On October 15, 1971 Judge Croake granted summary judgment in favor of the defendants' alleged co-conspirator Charles Pfizer & Company. I deem this good cause for setting aside the entry of default. It would be unjust to deprive the defendants, because of a two week delay, of the right to tender an issue under a complaint already dismissed as to a co-defendant for lack of merit. See Securities and Exchange Commission v. Vogel, *supra;* Albert Levine Associates, Inc. v. Kershner, 45 F.R.D. 450 (S.D.N.Y. 1968).

The default is hereby vacated. The defendants have twenty days from the date of this memorandum to answer or otherwise move.

So ordered.