Thomas HANAHAN, et al., Plaintiffs,

v.

Sigurd LUCASSEN, et al., Defendants.

K. Michael MILLER, Plaintiff,

v.

Patrick J. CAMPBELL, et al.

Civ. A. Nos. 91–418, 91–538.

United States District Court,
District of Columbia.

May 22, 1991.

made negligently and without proper authorization by Mr. Campbell, the former president of UBC; Mr. Lucassen, the current president; Mr. King, the former controller; Mr. Wrigley, the current controller; Mr. McGowan, the former general counsel; and Ms. Krieger, the current general counsel.

Plaintiffs originally brought these actions separately, Hanahan and Shoehigh filing in Illinois, and Miller filing in Michigan. Under § 501(b), union members are authorized to bring a derivative suit only "upon leave of the court obtained upon verified application and for good cause shown." This showing may be made in an *ex parte* proceeding. In both the Hanahan and Miller actions, the courts found good cause and permitted the plaintiffs to proceed with the suits. Pursuant to defendants' motion, however, both courts transferred the actions to the United States District Court for the District of Columbia, since all the defendants except one reside in or around Washington, D.C., and any witnesses will most likely be from this area. Because these cases concern identical issues and defendants, and as they are both before me, they will be consolidated for all purposes.

On May 10, 1991, this Court heard oral argument on two motions. Defendants have moved to dismiss, asking this Court to reconsider the prior *ex parte* orders granting plaintiffs leave to bring these actions. In addition, plaintiffs have moved for a preliminary injunction prohibiting the UBC from reimbursing any of defendants' attorneys' fees at this time. Each motion is discussed in turn, below.

*Motion to Dismiss:*

Hugh James McCarthy, Jr. and Collins P. Whitfield, Steven B. Varick and Malcolm H. Brooks, McBride, Baker & Coles, Chicago, Ill., James R. Klimaski, Klimaski, Miller & Smith, Washington, D.C., for plaintiffs in Civ. A. No. 91–418.

William H. Jeffress, Jr., and Jay L. Alexander, Miller, Cassidy, Larroca & Lewin, Paul K. Brooks, Barnes & Thornburg, Washington, D.C., Patrick T. Burke, Burke & McGlinn, Suffern, N.Y., for defendants in Civ. A. No. 91–418.

Leo A. Nouhan and David Kelly and Evan Miller, Southfield, Mich., for plaintiff in Civ. A. No. 91–538.

William H. Jeffress, Jr., and Jay L. Alexander, John D. Aldock and Laura S. Wertheimer and William Weinreb, Shea & Gardner, Paul K. Brooks, Barnes & Thornburg, Washington, D.C., Robert E. Day and Gabrielle Lee Coroso, Detroit, Mich., Patrick T. Burke, Burke & McGlinn, Suffern, N.Y., for defendants in Civ. A. No. 91–538.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The above-captioned actions are brought by plaintiffs Hanahan, Shoehigh and Miller, members of the United Brotherhood of Carpenters and Joiners (UBC) as derivative suits against various officers of the union.[1] Both suits are brought under 29 U.S.C. § 501(b), which authorizes members of a union, after presenting a formal request to sue to the union or its board, to bring a derivative suit against any "officer, agent ... or representative" of the union who is alleged to have violated his or her fiduciary duties to the union. Plaintiffs in these suits allege that union investments were

■ I find that plaintiffs have shown good cause to bring this suit. Plaintiffs allege, and defendants do not dispute, that under Presidents Campbell and Lucassen, the UBC shifted over $100 million dollars from blue chip investments to risky real estate investments which ultimately resulted in major losses for the union. According to plaintiffs, these investments were

---

**1.** Mr. Miller's suit also includes an action    against UBC directly under 29 U.S.C. § 185.

not only negligent, but were made without proper authorization by the UBC General Executive Board. Defendants seem to concede that the investments were not expressly authorized by the Board, although they dispute the significance of this fact, and argue for constructive authorization.

It is not for the Court, at this time, to investigate the full extent of these allegations, or to discern the facts. The § 501(b) "good cause" requirement operates as a gate-keeping mechanism. This suggests a low level of judicial scrutiny at this point. This Court should not rule that there is no "good cause" simply because the defendants may be able to establish sound defenses to plaintiffs' complaints. This would require that the court consider the various legal questions and decide material facts of the case at this preliminary stage. Where questions of fact or complex legal issues exist, the case should not be dismissed at the "good cause" stage. *Loretangeli v. Critelli*, 853 F.2d 186, 193 (3rd Cir.1988). I find, as did the district court judges in Illinois and Michigan, that the plaintiffs have presented a colorable claim. Therefore, they will be permitted to proceed with their claims.

■ Plaintiffs' complaints are fundamentally flawed in one respect, however. All plaintiffs failed to present a request to the UBC to sue McGowan and Krieger, the union attorneys. Section 501(b) specifically requires that union members present a demand to sue and be refused before leave to bring a derivative suit may be granted. Because plaintiffs failed to comply with a condition precedent to suit, there is a technical defect in the complaints as to these two defendants which prohibits their being named in the suits at this time. *Id.*, at 192. McGowan and Krieger will be dismissed as defendants, but plaintiffs will have thirty days in which to present the demand to sue

to the UBC and then, in the event that UBC refuses to bring its own action against said defendants, decide whether it is appropriate to move this Court to add McGowan and Krieger as additional defendants.

*Preliminary Injunction:*

Plaintiffs in the *Hanahan* case obtained a temporary restraining order prohibiting the UBC from paying attorneys' fees for defendants Lucassen, Wrigley, McGowan and Krieger until after the case was transferred, and in the *Miller* action, defendants voluntarily agreed to defer any attorneys' payments.[2] It is for this Court to decide, now, whether the defendants' attorneys' fees may be reimbursed from UBC funds. The issue before this Court is limited to those fees related to the motion to transfer which was successfully argued and won by defendants.[3] Defense counsel agrees that he has no present intent to seek reimbursement for any additional fees until completion of this litigation. Plaintiffs argue that the UBC should be precluded from paying any counsel fees during the pendency of this action because defendants have been accused of wrongdoing as UBC representatives. Only upon defendants' exoneration, plaintiffs argue, can the union pay attorneys' fees.

■ The general rule is that union funds should not be used to pay attorneys' fees for the defense of officers charged with violations of their fiduciary duties. The court in *Milone v. English*, 306 F.2d 814, 817 (D.C.Cir.1962) propounded the basic precept:

> As a general proposition, ... funds of a union are not available to defend officers charged with wrongdoing which, if the charges were true, would be seriously detrimental to the union and its membership.

2. The Union has not considered reimbursing payment for the attorneys' fees for the remaining defendants for reasons that do not concern the issue presently before the Court.

3. Defense counsel will of course be entitled to reimbursement from UBC funds if defendants McGowan and Krieger are not ultimately re-

named as defendants in these actions. The plaintiffs have been given 30 days in which to petition this Court to rename these defendants. If these defendants are not ultimately added to the case, then they will have prevailed, and it will be entirely appropriate for the UBC to pay their counsel fees.

Union officials charged with misconduct generally are expected to bear the financial burden of their own defense. If they prevail, they are reimbursed for their costs.

█ Nothing in § 501 or the entire Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, expressly prohibits union fund payment for the defense of union officials in derivative suits. The general prohibition emanates from the judge-made law that alleged wrongdoers should not be reimbursed from union funds for defending improper actions taken against the union unless and until they are absolved. The restriction is designed to protect union members from an expenditure of union funds which would be adverse to their best interests. "Union funds belong to the members and should be expended only in furtherance of their common interest." S.Rep. No. 187, 86th Cong. 1st Sess. 8 (1959) U.S.Code Cong. & Admin. News 1959, pp. 2318, 2324. Thus, the *Milone* court, confronted with charges of self-dealing by union officials, ruled that there would be a conflict of interest if the union were to absorb the cost of defending its officers against actions taken in violation of their fiduciary obligations to the union.

There is not an automatic assumption that all work done by defense counsel in a derivative suit is automatically adverse to the interests of the union. This is the main issue the court must determine when considering the reimbursement question either during or after the lawsuit. The court in *Yablonski v. United Mine Workers*, 448 F.2d 1175, 1181 (D.C.Cir.1971), ruled that it was crucial to determine whether the work of the officers' defense counsel in handling discovery and procedural questions during the first 6 months of the case served the union's "institutional interest." The *Yablonski* court explained that it might be in the union's interests to pay for defense counsel in some cases when discovery of union documents and other matters of union interest could be protected by the officers' defense counsel. *Id.*, at 1182.

Similarly, in *Morrissey v. Segal*, 526 F.2d 121, 129 (2d Cir.1975), the court explained that questions of union indemnification of defense costs must be resolved on an issue by issue basis, in which various costs will be reimbursed or enjoined by "sorting out those interests of the [union] and the defendants which are compatible and those which are not." The *Morrissey* court even ruled that reimbursement of defense costs was not automatically foreclosed where the plaintiff succeeds on the merits. Instead, the court must examine the evidence to determine whether the defendant should be reimbursed for defending those actions which were blameless, or which were not intended to conflict with the union's interests. *Id.*, at 128.

█ It is for this Court to examine, therefore, whether the fees expended on the motions to transfer were in the UBC's interests such that reimbursement of these fees would not present a conflict of interest between the union and the defendant officers. The UBC has voted to pay for the defense of the defendants out of union funds. While persuasive, this by itself is not enough. Courts have frequently enjoined payment until the end of a case, notwithstanding authorization by a majority vote of union members. *See, e.g., Highway Truck Drivers and Helpers, Local 107 v. Cohen*, 182 F.Supp. 608 (E.D.Pa. 1960), *aff'd*, 284 F.2d 162 (3d Cir.1960), *cert. denied* 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961).

In *Highway Truck Drivers*, the court enjoined payment of counsel fees because it determined that the union had no real interest in the defense that would justify spending large sums of money for defense counsel. While the court took the union's vote into account, and explained that the union's wishes should be given wide latitude, it decided that the facts of the case could not support a legitimate union interest in the payment of defense counsel. *Id.* at 620. The court further noted that situations could arise in which the case against the officers could have a direct and injurious effect upon the union itself. In these cases, the union would be justified in paying defendants' counsel fees in order to defend its interests. *Id.*

198

I find that this is the case concerning the motions to transfer the *Hanahan* and *Miller* actions from Illinois and Michigan, respectively, to this jurisdiction. The transfer of these cases served the convenience of all the parties and of the witnesses. Opinion of Marovich, J. at 7; Opinion of Newblatt, J. at 2. The witnesses in this case will be primarily union officers, employees and others, all of whom live or periodically visit the District of Columbia. Neither the Northern District of Illinois nor the Eastern District of Michigan, where the complaints were filed, has any relationship with the defendants' alleged conduct, the witnesses, the investments, or the construction loans. UBC headquarters are in the District of Columbia, and UBC documents concerning the alleged misconduct are in the District of Columbia.

The courts in Illinois and in Michigan noted that the plaintiffs were unable to "even contend that there [was] any contact *whatsoever* between the [chosen forum] and the cause of action." Opinion of Marovich, J. at 4 (emphasis added); *see* Opinion of Newblatt, J. at 2. Nor have the plaintiffs been able to explain why two lawsuits were brought, seeking the same exact relief against the same defendants, rather than one.

Transferring these cases to the District of Columbia will serve the interest of the UBC. The attendance of UBC witnesses is facilitated, as is the discovery of UBC documents. All the UBC resources are close at hand and more easily accessible, so that justice may better be served. With the case being litigated here, the union is in a better position to monitor and, indeed, to participate in the events of this case. Moreover, the consolidation of these two actions, which was only possible once they were in one jurisdiction, will relieve the UBC from the burden of having to unnecessarily duplicate documents and having its employees and members undergo duplicative interrogatories, depositions, and court appearances.

In addition, Mr. Lucassen is currently the president of the UBC, and as such, he must continue to conduct the day-to-day activities of the Union. Despite being a defendant in these actions, Mr. Lucassen is not alleged to have initiated any of these allegedly "bad investments" or to have acted in a self-dealing manner. It is clearly in the UBC's interest to have the service of its president—and other officers—with the minimum amount of disruption. This can be best achieved by litigating these actions in Washington, D.C., the site of the UBC's headquarters.

■ These facts meet the test set out by the *Highway Truck Drivers* court. The motions to transfer involved absolutely no conflict of interest between the union and the defendant officers. In fact, the UBC's interest in having the two actions transferred here, while procedural in nature, is important to the Union, and justifies the payment of attorneys' fees for the work done by defendants' counsel to move the cases to Washington, D.C.

Because the transfer served the interests of the UBC, reimbursement of attorneys' fees expended in connection with the transfer motion will be permitted for defendants Lucassen, Wrigley, McGowan and Krieger. No additional attorney's fees will be permitted to be paid from union funds on behalf of defendants in connection with this action without prior approval of this Court.

An Order accompanies this Opinion.

### ORDER

Upon consideration of the motions by defendants and plaintiffs, oral argument, and the entire record in this case, it is hereby

ORDERED, that the above-captioned cases are consolidated for all purposes; and it is further

ORDERED, that defendants' motion for reconsideration of the ex parte orders granting plaintiffs leave to bring this action and to dismiss the complaint is GRANTED only as to defendants McGowan and Krieger because of plaintiffs' failure to present the UBC with a demand to sue these defendants; and it is further

ORDERED, that the complaints against defendants McGowan and Krieger are DISMISSED without prejudice; and it is further

ORDERED, that plaintiffs shall have 30 days from the issuance of this ORDER in which to petition this Court to rename defendants McGowan and Krieger if, after presenting the UBC with a formal request to sue, the UBC declines to sue; and it is further

ORDERED, that defendants Lucassen, Wrigley, McGowan and Krieger shall not be enjoined from seeking reimbursement from the UBC for those attorneys' fees incurred in relation to the transfer of the above-captioned cases to the District of Columbia.