Jay SINGH, Plaintiff–Appellee,

v.

Mark MORTENSUN, Defendant–Appellant.

No. 00CA0737.

Colorado Court of Appeals, Div. I.

July 5, 2001.

The Barsness Law Firm, Chad J. Barsness, Englewood, CO, for Plaintiff–Appellee.

Schwartz & Goldberg, P.C., Michael W. Gross, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

In this appeal from the entry of a default judgment, defendant, Mark Mortensun, contends that the trial court abused its discretion by failing to set aside the initial entry of default. We reverse and remand.

On or about April 19, 1999, defendant posted pictures and allegedly slanderous statements about plaintiff, Jay Singh, on a website dedicated to Grateful Dead fans, a community of which both plaintiff and defendant were a part. The postings stated, among other things, that plaintiff was a pedophile and child molester.

After learning about the postings, plaintiff brought a suit against defendant for slander, libel, emotional distress, and negligence. Defendant was served at his home in California on May 17, 1999; the responsive pleading was due on June 16, 1999. Defendant threw

the summons and complaint out of his car onto the street, where a pedestrian found them and mailed them back to plaintiff's counsel.

Because defendant failed to answer the complaint or appear in court by the required date, plaintiff sought and obtained a "default judgment" from the court on July 1, 1999. Defendant, after obtaining counsel, filed a motion to set aside the "default judgment" on July 19, 1999, which the court denied. At a subsequent damages hearing, after hearing evidence from both parties, the court entered judgment for plaintiff in the amount of $50,000 in actual damages for libel *per se* and $50,000 in punitive damages.

On appeal, defendant argues that the trial court abused its discretion in denying his motion to set aside the entry of default. We agree.

■ As a threshold matter, we note that the entry of default and the entry of a default judgment are separate and distinct. The entry of default merely establishes the defaulting party's liability. When a default has been entered, but damages have not been proven, there is no final judgment. Thus, the entry of default is simply an interlocutory order that, alone, determines no rights or remedies. *See Sumler v. District Court,* 889 P.2d 50 (Colo.1995); *Kwik Way Stores, Inc. v. Caldwell,* 709 P.2d 36 (Colo.App.1985), *rev'd on other grounds,* 745 P.2d 672 (Colo. 1987).

Both the entry of default and a default judgment, under certain circumstances, may be set aside. C.R.C.P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).").

■ C.R.C.P. 60(b) sets forth a three-pronged test to determine whether to vacate a default judgment: whether the neglect that resulted in entry of judgment by default was excusable; whether the moving party has alleged a meritorious defense; and whether relief from the challenged judgment would be consistent with equitable considerations such as protection of action taken in reliance on the judgment and prevention of prejudice by

reason of evidence lost or impaired by the passage of time. *Craig v. Rider,* 651 P.2d 397 (Colo.1982). All three factors must be considered before a court may vacate a default judgment. *See Sumler v. District Court, supra; Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo.1986).

■ The ruling at issue here concerned the entry of default, not the entry of a default judgment. However, the factors to be considered in evaluating a request to set either aside are substantially the same. *Buckmiller v. Safeway Stores, Inc., supra. Accord In re Weisbard,* 25 P.3d 24 (Colo. 2001); *Sumler v. District Court, supra; Dunton v. Whitewater West Recreation, Ltd.,* 942 P.2d 1348 (Colo.App.1997); *Jarnagin v. Busby, Inc.,* 867 P.2d 63 (Colo.App.1993). *See* 5 S. Hyatt & S. Hess, *Colorado Practice* § 554 (1998); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2694 (3d ed.1998)(discussing identical federal rule; the elements uniformly considered to evaluate a motion to set aside a default are the showing of an appropriate excuse or explanation, the existence of a meritorious defense, and the absence of substantial prejudice to the non-defaulting party).

■ In determining a motion to vacate a default judgment, the trial court's consideration of these factors is guided by the general rule that resolution of disputes on their merits is favored, and therefore the requirements should be liberally construed in favor of the moving party. *See Craig v. Rider, supra.*

As a practical matter, most likely because of the procedural distinctions between the entry of default and a default judgment, these requirements are even more flexibly applied and liberally interpreted when used to evaluate a motion to set aside a default. *See Johnson v. Dayton Electric Manufacturing Co.,* 140 F.3d 781, 783 (8th Cir.1998)("Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, most decisions hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order."); *Chrysler*

*Credit Corp. v. Macino,* 710 F.2d 363, 368 (7th Cir.1983)("Although the elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, the standards are applied more stringently when considering a motion to vacate a default judgment under Rule 60(b)."); *Phillips v. Weiner,* 103 F.R.D. 177 (D.Me.1984); *Broder v. Charles Pfizer & Co.,* 54 F.R.D. 583 (S.D.N.Y.1971); *Cribb v. Matlock Communications,* 236 Mont. 27, 768 P.2d 337 (1989)("good cause" standard should be applied more flexibly and leniently than excusable neglect standard under Rule 60(b)); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra,* § 2692 at 90 ("Although how these factors will be evaluated and weighed lies within the discretion of the trial court, [the] federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment."); William H. Danne, Jr., Annotation, *What Constitutes "Good Cause" Allowing Federal Court to Relieve Party of His Default Under Rule 55(c) of Federal Rules of Civil Procedure,* 29 A.L.R. Fed. 7 (1976)(While elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, standards are applied more stringently when considering motion to vacate default judgment under Rule 60(b).).

■■ The trial court is given discretion in determining whether to set aside an entry of default, and such ruling will not be disturbed unless the court has abused its discretion. *See Tyler v. Adams County Department of Social Services,* 697 P.2d 29 (Colo.1985). In exercising its discretion, however, the court must act within the framework of the controlling legal norms. *See Buckmiller v. Safeway Stores, Inc., supra.*

■ Here, we conclude that the trial court's order does not reflect proper consideration of defendant's motion for several reasons.

In its order, the trial court found that throwing the summons and complaint into the street out of anger did not constitute excusable neglect, but did not consider any other facts in its determination. *See Craig v. Rider, supra* (defining excusable neglect as that which results from circumstances that could cause a reasonably careful person to neglect a duty).

However, defendant's affidavit explained that, although he had thrown the summons and complaint away, he did so because he was "devastated" that he was being sued by the individual who, according to defendant, had molested his fourteen-year-old daughter. Defendant also claims he relied on a California attorney's opinion that the service of process was ineffective. Defendant averred that, once he received a copy of the lawsuit in late June, he attempted to retain an attorney in the first week of July and finally did so on July 14. Defendant's motion to vacate was filed on July 19, 1999, less than three weeks after the court's entry of default.

Furthermore, in his affidavit and motion, defendant alleged that the truth of the website postings was an absolute defense to libel and slander. In support, defendant relied on the contents of his daughter's diary confirming that plaintiff and defendant's daughter had begun a sexual relationship when the daughter was fourteen years old; plaintiff's admission to defendant and defendant's wife that such a sexual relationship existed; a letter and medical report alleging that plaintiff had sexually abused his own two-year-old daughter; the fact that plaintiff was listed on the Colorado child abuse registry; and plaintiff's questionable credibility given a prior felony conviction.

The court's order did not mention defendant's alleged meritorious defense. *See Ehrlinger v. Parker,* 137 Colo. 514, 327 P.2d 267 (1958)(A meritorious defense must set forth specific and sufficiently detailed facts that, if proven, would have resulted in a judgment different from the one entered.).

In addition, the court, in its order, provided no indication that it had assessed any equitable considerations.

■ Equitable considerations include, among other criteria: possible reliance by plaintiff on the entry of default, balancing the prejudice to plaintiff from granting defendant's motion against prejudice to defendant from denying the motion; the timing of defendant's motion, the manner in which plaintiff's case might have been damaged by lost

evidence; the passage of time; and the preference for resolving cases on the merits. *See Buckmiller v. Safeway Stores, Inc., supra.*

Defendant's motion, made less than three weeks after the entry of default, alleged that plaintiff had not detrimentally relied on the entry of default and that no prejudice would have resulted to either party by conducting a trial. Evidence had not been lost or destroyed by the passage of time, and defendant alleged that equity required that both he and plaintiff be allowed to present evidence in court. Indeed, plaintiff conceded in oral argument that he would not suffer any prejudice from the setting aside of the default.

We conclude, in consideration of all these factors, that the trial court's denial of defendant's motion was an abuse of its discretion. Fairly viewed, defendant's motion provided a good faith explanation for his behavior, it was filed less than three weeks after entry of default, it alleged a potentially meritorious defense, and plaintiff concedes that no prejudice would result from setting the default aside.

Based on our disposition of the foregoing issues, we need not address defendant's remaining arguments.

Accordingly, the order entering default is vacated, the default judgment is reversed, and the case is remanded to the trial court with directions to permit the filing of an answer or other responsive pleading.

Judge METZGER concurs.

Judge ROY specially concurs.

Judge ROY specially concurring.

I agree with the majority that the order denying defendant's motion to set aside a default for failure to plead or otherwise defend, hereinafter a failure to defend default, should be reversed and the matter remanded with directions to permit the filing of an answer or other responsive pleading. In my view, however, a failure to defend default should be set aside for "good cause shown" in accordance with C.R.C.P. 55(c) and not pursuant to, in accordance with, or after consideration of the standards of C.R.C.P. 60(b), however applied.

I start with the rule on default, C.R.C.P. 55, which states in relevant part:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

. . . .

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

It is obvious from the plain meaning of this rule that the standards for setting aside a failure to defend default and setting aside a default judgment differ substantially. The purpose of C.R.C.P. 55(a) is to permit a plaintiff to take a claim to judgment in the event the defendant ignores the action. The entry of a failure to defend default has the effect of prohibiting the subsequent filing of a responsive pleading and also constitutes an admission by the defendant of the material allegations contained in the complaint. *See Northwestern National Casualty Co. v. State Division of Insurance,* 682 P.2d 486 (Colo. App.1983).

The entry of a failure to defend default is a ministerial act delegated to the clerk. C.R.C.P. 55(a). The entry of a failure to defend default has been characterized as a "formal matter," which is not the equivalent of the entry of judgment. *Arango v. Guzman Travel Advisors,* 761 F.2d 1527 (11th Cir.1985). An entry of such a default is simply an interlocutory order that, alone, determines no rights or remedies and is not appealable. *Cf. Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852 (8th Cir.1996). Interlocutory orders are addressed to the sound discretion of the trial court, which retains jurisdiction to modify or reconsider such orders prior to the entry of a final judgment. *See Sumler v. District Court,* 889 P.2d 50 (Colo.1995); *Battaglia v. Moore,* 128 Colo. 326, 261 P.2d 1017 (1953).

The standard of "good cause" admits of no easy definition and must be evaluated on a case-by-case basis. "Good cause" and "good reason" are often used synonymously. *Ex parte Land*, 775 So.2d 847 (Ala.2000). "Good cause" to terminate employment is a reason that is real and not imaginary, substantial and not trifling, reasonable and not whimsical or capricious, as applied to the average man or woman, and not to the supersensitive. *Ferguson v. Department of Employment Services*, 311 Minn. 34, 247 N.W.2d 895 (1976).

At the same time, courts have recognized that this standard is relatively low and easy to meet. *E.g., George v. Local Union No. 639*, 98 F.3d 1419 (D.C.Cir.1996); *Hanahan v. Lucassen*, 764 F.Supp. 194 (D.D.C.1991); *City of Santa Cruz v. Municipal Court*, 49 Cal.3d 74, 260 Cal.Rptr. 520, 776 P.2d 222 (1989); *State v. Horsley*, 117 Idaho 920, 792 P.2d 945 (1990). The "good cause" standard is more lenient than C.R.C.P. 60(b). *E.g., Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781 (8th Cir.1998); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363 (7th Cir.1983); *Cribb v. Matlock Communications*, 236 Mont. 27, 768 P.2d 337 (1989); *RC Associates v. Regency Ventures*, 111 N.C.App. 367, 432 S.E.2d 394 (1993).

In contrast, a default judgment, like other judgments, terminates litigation and decides the dispute if it leaves the court with nothing to do other than execute the judgment. *See Sumler v. District Court, supra*. A trial court may only set aside a default judgment if the moving party meets one of the comparatively stringent standards pertaining to final judgments. C.R.C.P. 60(b); *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo. 1986). The stringent requirements of C.R.C.P. 60(b) are imposed to preserve the finality of judgments. *State Farm Mutual Automobile Insurance Co. v. McMillan*, 925 P.2d 785 (Colo.1996). The doctrines of res judicata and collateral estoppel are designed to preserve the finality of judgments. *City & County of Denver v. Consolidated Ditches Co.*, 807 P.2d 23 (Colo.1991) (finality of judgment is a requisite of collateral estoppel); *Michaelson v. Michaelson*, 884 P.2d 695 (Colo.1994) (res judicata). The strong policy

in favor of preserving judgments does not, in my view, pertain to any preservation of failure to defend defaults.

The majority concludes that the C.R.C.P. 60(b) standards are to be leniently applied. I am troubled by this approach. At the outset, as guidance to the trial courts and parties, "leniently applied" is not a reviewable standard and is no more capable of definition than "good cause." More importantly, the majority's approach lets the nose of the camel of C.R.C.P. 60(b) into the tent of failure to defend defaults pursuant to C.R.C.P. 55(c). When standards are phrased as "after consideration of" or "leniently applied," they are almost inevitably transmogrified to mean "pursuant to," or "in accordance with," in actual application. One need go no further than the trial court's order here, the annotators, or the case law of this state, for evidence of this transmogrification.

For its authority that C.R.C.P. 60(b) standards are at all applicable to failure to defend defaults, the majority relies, to a considerable extent, on *Buckmiller v. Safeway Stores, Inc., supra,* which in turn amplifies *Craig v. Rider*, 651 P.2d 397 (Colo.1982), and which was followed by *Sumler v. District Court, supra.* None of these cases involve the entry of a failure to defend default pursuant to C.R.C.P. 55(a).

In *Craig*, an interested party moved to set aside an order admitting a will to probate in a formal testacy proceeding. The interested party had been given notice of the probate hearing and had waived service and consented to the hearing. The interested party timely moved to vacate the order pursuant to § 15–12–413, C.R.S.2000, which permits the modification or vacation of an order in formal testacy proceedings "for good cause shown," on the grounds of newly discovered evidence that the testatrix lacked testamentary capacity. Section 15–12–413. The interested party, on certiorari, argued that the standards for setting aside a default judgment should apply to determine "good cause" under § 15–12–413. Applying a liberal standard for "excusable neglect" in determining "good cause" because the motion was timely filed and because of the policy favoring resolution of

disputes on their merits, the supreme court reversed.

Neither C.R.C.P. 55(a), nor the "good cause" standard of C.R.C.P. 55(c), were implicated in *Craig*. However, because both C.R.C.P. 55(c) and the applicable statute used the term "good cause," the supreme court stated:

> The court of appeals held that motions to vacate formal testacy orders are analogous to motions to vacate default judgments under C.R.C.P. 55(c) and 60(b). It therefore found it appropriate to look to cases decided under those rules for guidance in reviewing the trial court's ruling on the "good cause shown" issue. This holding is consistent with section 15–10–304, C.R.S.1973, which states that, absent contrary or inconsistent provisions in the Colorado Probate Code, "the Colorado rules of civil procedure including the rules concerning vacation of orders and appellate review govern formal proceedings under [the Colorado Probate Code]." C.R.C.P. 55(c) specifies the standards for setting aside a default judgment. It provides:
>
> > *For good cause shown* the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). (Emphasis added [by supreme court].)
>
> In turn, C.R.C.P. 60(b) states, in relevant part:
>
> > On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or *excusable neglect;* .... (Emphasis added [by supreme court].)

*Craig v. Rider, supra,* 651 P.2d at 401.

In *Buckmiller,* the trial court issued an order to show cause why the action should not be dismissed for failure to prosecute, to which no response was made. The trial court then dismissed the action, which was, effectively, a dismissal with prejudice as the statute of limitations had expired. The plaintiff, through new counsel, unsuccessfully moved to set aside the dismissal pursuant to

C.R.C.P. 60(b). Again, neither C.R.C.P. 55(a), nor the "good cause" standard of C.R.C.P. 55(c) or any other rule or statute, were implicated. The supreme court stated, in pertinent part:

> In *Craig v. Rider,* we reviewed certain basic considerations which apply to the resolution of a motion to set aside an order admitting a will to probate. After noting that the underlying goal in ruling on such a motion is to promote substantial justice and that the burden is on the movant to establish the grounds for relief by clear, strong and satisfactory proof, we extracted from our prior case law the particular legal criteria that a trial court should apply in granting or denying a motion *to set aside a default judgment.* Where the motion for relief is predicated on a claim of excusable neglect, *Craig* holds that the trial court should base its decision on [three listed criteria].... Since the party seeking relief has the burden of establishing the grounds for relief, a trial court may deny a motion to set aside a default judgment for failure to satisfy any one of the three criteria of *Craig.*
>
> Although in this case Buckmiller sought to vacate a judgment of dismissal predicated on failure to prosecute rather than to set aside a judgment of default, it is quite obvious from our decision in *Craig* that the same criteria outlined in that opinion should have been applied to this case. *Implicit in Craig is the recognition that a motion to set aside a default under C.R.C.P. 55(c) and a motion to vacate a judgment under C.R.C.P. 60(b) on the basis of excusable neglect are sufficiently analogous to justify the application of the same standards to either motion. We accordingly make explicit what is implicit in Craig and adopt the same three criteria as the legal standard applicable to this case.*

*Buckmiller v. Safeway Stores, Inc., supra,* 727 P.2d at 1116 (citations omitted; emphasis added).

Because neither an entry of a failure to defend default pursuant to C.R.C.P. 55(a) nor the "good cause" standard of C.R.C.P. 55(c)

are implicated in either *Craig* or *Buckmiller*, the emphasized portion of the quoted language in *Buckmiller* is clearly dictum, assuming it applies to a failure to defend default entered pursuant to C.R.C.P. 55(a). In addition, an order formally probating a will in a formal probate proceeding after notice, and an order of dismissal imposed as a sanction, are certainly more akin to a judgment than an entry of a failure to defend default. Therefore, a motion to set aside such orders might be appropriately held to the higher standards of C.R.C.P. 60(b). In addition, "good cause" need not mean the same thing in all contexts. Nevertheless, it is this quoted language from *Buckmiller* upon which the majority relies in reaching its conclusion that the tri-partite, higher standards of C.R.C.P. 60(b) apply, although leniently, to motions to set aside a failure to defend default entered pursuant to C.R.C.P. 55(a).

Finally, in *Sumler*, the supreme court addressed a judgment entered on a default that was imposed as a discovery sanction. Again, although the entry of a failure to defend default pursuant to C.R.C.P. 55(a) was not implicated, the supreme court indicated that the C.R.C.P. 55(c) "good cause" standard applies to setting aside the sanction default.

In *Sumler*, the defendant moved to set aside the entry of default prior to the entry of default judgment, without specifying whether the motion was pursuant to C.R.C.P. 55 or C.R.C.P. 60(b), but speaking in C.R.C.P. 60(b) terms. The motion was denied, as was a motion for reconsideration, and a default judgment was entered after a hearing awarding damages to the plaintiff. There was a change in judges due to normal reassignments, defendant retained new counsel, and a new motion to set aside the default judgment pursuant to C.R.C.P. 60(b) was filed. The new judge first granted the motion vacating the default judgment and then vacated the default. The supreme court affirmed.

After a lengthy discussion of the default judgment, the court addressed the sanction default as a separate issue. Alluding back to *Buckmiller*, the court stated:

> The procedure for setting aside a default under C.R.C.P. 55(c) is similar to the pro-

cedure for setting aside a default judgment pursuant to C.R.C.P. 60(b).

*Sumler v. District Court, supra*, 889 P.2d at 56–57.

A default judgment is derivative of the entry of a default, regardless of the basis upon which the default was entered. The default judgment is no better than the default. Therefore, I see not reason why the court would, as it did in *Sumler*, first address the setting aside of a default judgment when the entry of the default was unsuccessfully challenged prior to the entry of default judgment.

The "good cause" standard clearly applies to motions to set aside failure to defend defaults entered pursuant to C.R.C.P. 55(a), and that standard equally clearly is, or should be, a lesser standard than that necessary to set aside default judgments pursuant to C.R.C.P. 55(c) and C.R.C.P. 60(b). *See Sumler v. District Court, supra.*

I return to the plain meaning of C.R.C.P. 55(c), which, in my view, was intended to apply to the entry of failure to defend defaults pursuant to C.R.C.P. 55(a), and perhaps should be so limited. The term "good cause" as applied to failure to defend defaults must have been intended to have a meaning other than the requirements of C.R.C.P. 60(b), however applied. The references to C.R.C.P. 55(c) in cases involving other defaults, primarily sanction defaults and default judgments, have muddied the otherwise clear language of C.R.C.P. 55(c) as applied to failure to defend defaults and has, in my view, led to unfortunate and unnecessary confusion and has obscured the distinction between failure to defend defaults and default judgments.

Therefore, I would not apply the standards of C.R.C.P. 60(b), in any manner, to the determination of "good cause" for setting aside a failure to defend default. In my view, a motion to set aside a failure to defend default should be freely granted under the "good cause" standard. Because, here, the motion to set aside the entry of the failure to defend default was filed a very short time after the entry of the default and there has

been no allegation of prejudice, in my view, the default should be set aside.